1  Georgia A. Staton, Bar #004863
   Gordon Lewis, Bar #015162
2  JONES, SKELTON & HOCHULI, P.L.C.
   2901 North Central Avenue, Suite 800
3  Phoenix, Arizona  85012
   Telephone:  (602) 263-1700
4  Fax:  (602) 200-7854
   gstaton@jshfirm.com
5  glewis@jshfirm.com

6  Attorneys for Defendant Tempe Union High
   School District No. 213

7

8              **UNITED STATES DISTRICT COURT**

9                  **DISTRICT OF ARIZONA**

10 LORETTA T. AVENT, a married woman,          NO. CIV 05-4211-PHX-SMM

11                              Plaintiff,      **DEFENDANT'S STATEMENT OF**
                                                **FACTS IN SUPPORT OF ITS**
12      v.                                      **MOTION FOR SUMMARY**
                                                **JUDGMENT**
13 TEMPE UNION HIGH SCHOOL DISTRICT
   NO. 213, a political subdivision of the State of
14 Arizona,

15                              Defendant.

16

17          Defendant Tempe Union High School District ("the District"), pursuant to

18 Rule 56.2, L.R.Civ., submits its Statement of Facts in Support of its Motion for Summary

19 Judgment.

20          1.      Desert Vista is the newest school in the District, and was built in

21 1994.    Desert Vista's attendance area includes neighborhoods in Ahwatukee and

22 Chandler, and also includes the Lone Butte area of the Gila River Indian Community

23 ("GRIC").  (Janet Seegren January 18, 2008, Declaration at ¶2, Exhibit 1, attached).

24          2.      Loretta Avent is an African-American woman who, at the time the

25 District hired her, was 62 years of age.  While she was hired as a security guard by the

26 District, Ms. Avent had experience working in the Clinton Administration on Native

27 American issues.  (*Id* at ¶3; Loretta Avent deposition at pp. 24-25, Exhibit 2, attached; Joe

28

   1868835.1

1 | McDonald deposition at pp. 15-16, Exhibit 3 attached; Plaintiff's Notice of Claim, Exhibit
2 | 28, attached).

3 |      3.     District security guards are hired on year-to-year contracts.  Loretta
4 | Avent admitted that her contract was year-to-year and could be non-renewed at the end of
5 | the year for any reason.  (Janet Seegren Declaration at ¶5, Exhibit 1, attached; Loretta
6 | Avent deposition at pp 32-33, Exhibit 2, attached).

7 |      4.     Dr. Joe McDonald was the Desert Vista principal from 1994, when it
8 | opened, to 2006.  Dr. McDonald retired after the 2005-2006 school year.  Dr. McDonald
9 | is an African-American male who was born in 1942.  (Janet Seegren Declaration at ¶8,
10 | Exhibit 1, attached; Joe McDonald deposition at pp. 10, 13, Exhibit 3, attached).

11 |      5.     Dr. McDonald hired Loretta Avent to work at Desert Vista. (Loretta
12 | Avent deposition at pp. 28-34, Exhibit 2, attached; Joe McDonald deposition at pg. 24,
13 | Exhibit 3, attached).

14 |      6.     Steve Adolph was the Associate Superintendent for the District from
15 | 2001 to 2007.  The Associate Superintendent is second in command in the District
16 | hierarchy and is the District's Compliance Officer for student discrimination complaints.
17 | (Janet Seegren Declaration at ¶9, Exhibit1, attached).

18 |      7.     Janet Seegren is the Assistant Superintendent for Human Resources,
19 | and has served in that capacity since 1997.  (*Id* at ¶1).

20 |      8.     Ms. Seegren oversaw personnel matters for the District and was the
21 | District's Compliance Officer for employee complaints or employment discrimination.
22 | (*Id*.).

23 |      9.     Dr. Shirley Miles was the District's Superintendent beginning the
24 | 2004-2005 school year.  Dr. Miles is of African-American and Asian-American descent.
25 | (Id. at ¶10; Shirley Miles deposition at pg. 7, Exhibit 4, attached).

26 |      10.     Dr. Miles appointed Loretta Avent as the Parent Liaison for the
27 | District. (Loretta Avent deposition at pp. 64-68, Exhibit 2, attached; Shirley Miles
28 | deposition at pp. 12, Exhibit 4, attached).

1          11.     Dr. Miles recommended to the Governing Board offer Loretta Avent

2  a contract for the 2005-2006 school year.  (Janet Seegren Declaration at ¶11, Exhibit 1,

3  attached; Shirley Miles deposition at pp. 100-101, Exhibit 4, attached).

4          12.     Dr. Miles approved the recommendation to rescind Loretta Avent's

5  contract offer. (*Id*.).

6          13.     The District has a written policy prohibiting discrimination as to any

7  individual for reasons of race, color, religion, handicap, national origin, sex, age, or

8  socioeconomic status.  (See District Discrimination Policy, Exhibit G to Janet Seegren

9  Declaration, Exhibit 1, attached).

10          14.     The policy sets out procedures for employees to follow to report

11  alleged discriminatory conduct.  (*Id*.)

12          15.     While the first step in the policy is to report instances of alleged

13  discrimination to the school principal, the policy specifically states that "in an occasion

14  where the school principal is the alleged cause of a complaint of harassment and/or

15  discrimination, the individual should report the behavior to the compliance officer, or to

16  another administrator who shall promptly report the complaint to the compliance officer."

17  Discrimination complaints to the Compliance Officer must be in writing.  (*Id.*)

18          16.     Loretta Avent, was approved to work by the District in October 2003,

19  and signed her contract to work as a security guard at Desert Vista in November 2003.(*Id*

20  at ¶4: Exhibit A to Janet Seegren Declaration, Exhibit 1, attached; Loretta Avent

21  deposition at pg. 32, Exhibit 2, attached; Loretta Avent 2003-2004 Employment Contract

22  [Exhibit 3 to Loretta Avent's deposition],Exhibit 27, attached).

23          17.     Loretta Avent sought a position at Desert Vista because she lived

24  outside the attendance area, and she wanted her granddaughter, who lived with her, to

25  attend the school.  (Loretta Avent deposition at pg. 28-30, Exhibit 2, attached).

26          18.     At the time Loretta Avent applied, Desert Vista was closed to

27  students living outside the attendance area, but the District allowed students to attend

28

1868835.1                                                3

1  schools where their parents or guardians are employed.  (*Id*; Janet Seegren Declaration at
2  ¶ 6-7, Exhibit 1, attached).

3         19.    Loretta Avent's acceptance of a security guard position allowed her
4  granddaughter to attend Desert Vista.  (*Id.*)

5         20.    Loretta Avent met with Principal McDonald to discuss the potential
6  for her granddaughter to attend Desert Vista, and to discuss taking a position at the school.
7  (Loretta Avent deposition at pg. 28, 33-36, Exhibit 2, attached; Joe McDonald deposition
8  at pp. 15-18, Exhibit 3, attached).

9         21.    In those meetings, Loretta Avent discussed her work experience with
10  the federal government, and her familiarity with influential citizens.  (Joe McDonald
11  deposition at pg. 15-16, Exhibit 3, attached; Steve Adolph deposition at pg. 35, Exhibit 5,
12  attached).

13         22.    In particular, Loretta Avent discussed her work with the Clinton
14  Administration.  (*Id.*).

15         23.    Loretta Avent worked as the Special Assistant to the President for
16  Intergovernmental Affairs for Hillary Clinton from 1992 to 1995.  (Loretta Avent
17  deposition at pp. 24-25, Exhibit 2, attached).

18         24.    On her security guard application, she listed Hillary Clinton, Terry
19  Goddard, Jack Pfiester and Frank Fairbanks as references.  (See Loretta Avent
20  Employment Application Bates Numbered TUHSD000076 to TUHSD000079, Exhibit A
21  to Janet Seegren's Declaration, Exhibit 1, attached).

22         25.    Dr. McDonald recommended that Loretta Avent be hired to work at
23  the school  (Joe McDonald deposition at pg. 30, Exhibit 3, attached).

24         26.    Because of her experience working with Native American students,
25  Loretta Avent was assigned responsibilities beyond those held by an ordinary security
26  guard, including working with Native American students.  (Loretta Avent deposition at
27  pp. 37-39, 41, 54, Exhibit 2, attached; Shirley Miles deposition at pg. 12, Exhibit 4,
28  attached).

27. In the summer of 2004, the District hired Dr. Miles as the new Superintendent. (Shirley Miles deposition at pg. 7, Exhibit 4, attached).

28. Dr. Miles appointed Loretta Avent as the Parent Liaison for the District. (Shirley Miles deposition at pp. 12-13, Exhibit 4, attached; Loretta Avent Deposition at pp. 37-39, 64-68, Exhibit 2, attached; February 8 Site Council Meeting Minutes [Exhibit 1 to Joe McDonald's deposition], Exhibit 6, attached).

29. Loretta Avent's responsibilities included communicating with the public regarding District concerns, and addressing issues relating to Native American students. (*Id.*).

30. In the Fall of 2004, Loretta Avent's granddaughter tried out for the Desert Vista volleyball team, but she was not selected. (Loretta Avent Deposition at pp. 92-93, Exhibit 2, attached; Joe McDonald Deposition at pp. 112-114, Exhibit 3, attached).

31. Loretta Avent was incensed that her granddaughter was cut from the squad. (Joe McDonald Deposition at pp. 112-114, Exhibit 3, attached; Joe McDonald July 21, 2005, Affidavit at ¶3, Exhibit 7, attached; March 25 EEOC Charge, Exhibit 8, attached).

32. Dr. McDonald told Loretta Avent that he supported his coaches and did not interfere in the coaches' decisions on team composition. (Joe McDonald July 21, 2005 Affidavit at ¶3, Exhibit 7, attached).

33. Loretta Avent was infuriated with Dr. McDonald for supporting his coach. (*Id.*).

34. Loretta Avent complained about the circumstance surrounding her granddaughter and screamed about the volleyball coach. (*Id.*).

35. On February 8, 2005, Loretta Avent, Dr. Miles, and a number of Native American students and parents attended the Desert Vista Site Council Meeting. (See February 8 Site Council Meeting Minutes, Exhibit 6, attached).

36. At that meeting, Dr. Miles discussed concerns relating to nutrition and transportation issues for the Lone Butte area Gila River Indian students. Dr. Miles

also stated that Loretta Avent had been appointed the District's Parent Liaison, and that Loretta Avent was working on assisting Native American students. Loretta Avent commented that students who performed well on the SATs would do well even if "a clown" was teaching them. Some parents expressed concern that Native American students did not do well, and were frequently teased. Loretta Avent responded by stating that plans were in place for a meeting at the Gila River Indian Community Center between the Superintendent and the Governor of the Gila River Nation. (*Id.*; Steve Adolph Deposition at pg. 104, Exhibit 5, attached).

37. On March 25, 2005, Loretta Avent filed her first discrimination complaint with the Equal Employment Opportunity Commission ("EEOC"). Loretta Avent alleged that Dr. McDonald made her employment difficult "as a result of my concerns about my granddaughter being cut from the volleyball team." She stated that she believed Dr. McDonald was trying to force her to resign due to her age. (March 25, EEOC Charge, Exhibit 8, attached).

38. The March 25, 2005, EEOC Charge referenced a claim that Ms. Avent was told that she would be reassigned to the farthest area of the school for campus security. It did not contain any other statement of discriminatory conduct. (*Id.*).

39. Loretta Avent was not assigned to the farthest area of the school on March 25, 2005. (Joe McDonald Affidavit at ¶ 4(d)(ii), Exhibit 7, attached).

40. Loretta Avent was assigned to the building closest to the administration offices, right next to the area all visitors arrive at the campus. (*Id.*)

41. The EEOC dismissed her discrimination charge on April 21, 2005. (April 21, 2005 EEOC correspondence, Exhibit 9, attached).

42. Loretta Avent filed a charge of discrimination with the EEOC on March 31, 2005. In this charge, Loretta Avent claimed that Dr. McDonald was retaliating against her for her "continuing to oppose the school's pattern and practice of abandoning education mission of students with color and by exercising her protection of Native American students." She stated that she had been vocal about the special transportation

and nutrition needs for Lone Butte Gila River Indian students.  Loretta Avent's March 21, 2005, EEOC Charge, did not identify any acts of retaliation by Dr. McDonald.  (March 31, 2005, EEOC Charge, Exhibit 10, attached).

43.    On May 11, 2005, the EEOC determined that Loretta Avent's second charge failed to state a claim under any statutes enforced by the EEOC.  (May 11, 2005, EEOC correspondence, Exhibit 11, attached).

44.    On April 26, 2005, representatives from the District and Desert Vista met with representatives from the Gila River Indian Community.   (Loretta Avent deposition at pg. 64, Exhibit 2, attached; Joe McDonald deposition at pg. 91-92, Exhibit 3, attached; Shirley Miles deposition at pg. 56, Exhibit 4, attached).

45.    Loretta Avent arranged the meeting on April 26, 2005, between District representatives and community members.  (Loretta Avent deposition at pp. 64, 142, 144, 159, 181, Exhibit 2, attached; Shirley Miles deposition at pp. 36, 56, Exhibit 4, attached)

46.    Dr. Miles believed that the meeting would be a dialogue between the District and the GRIC leaders to address issues.  Dr. Miles did not realize that students would be there.  The press was also in attendance.  (Shirley Miles deposition at pg. 39, Exhibit 4, attached; Newspaper Articles [Exhibit 5 to Joe McDonald deposition], Exhibit 13, attached).

47.    Dr. Miles, Mr. Adolph, Nicole Greason (the District's Communications Liaison), Dr. McDonald, Alyssa Tarkington (Desert Vista's Special Education Department Chair) and some Governing Board Members attended for the District.  (Steve Adolph deposition at pp. 117-118, Exhibit 5, attached; Nicole Greason deposition at pg. 9, Exhibit 12, attached).

48.    At the meeting, GRIC Lt. Governor Mary Thomas told the District that they would not be allowed to discuss the school's efforts to address Native American issues.  (Nicole Greason deposition at pp. 14-15, Exhibit 12, attached).

49.     Parents of students, former students, and students at the April 26, 2005, meeting told stories about their concerns, asserting that their kids had been called "savages" on campus, that their kids were told to "go back where you came from," and that Lone Butte students were unfairly singled out by campus security where allegations of misconduct were raised.  (Shirley Miles deposition at pp 85-86, Exhibit 4, attached).

50.     Loretta Avent then arrived and stated that Desert Vista was not meeting its educational mission to Native American students.  (Steve Adolph deposition pp. 83, 86, 94-95, Exhibit 5, attached).

51.     She also stated that Dr. McDonald was deficient as a leader.  (*Id.*; Joe McDonald deposition at pg. 110-111, Exhibit 3, attached)

52.     Loretta Avent attacked Dr. McDonald and his ability to run Desert Vista, and claimed that Lone Butte Native American students were mistreated at the school.  (Steve Adolph deposition pp. 83, 86, 94-95, Exhibit 5, attached; Nicole Greason Deposition at pg. 19, Exhibit 12, attached; Joe McDonald deposition at pp. 110-113, Exhibit 3, attached).

53.     The meeting was publicized and reflected negatively on Desert Vista and the District.  (See Newspaper Articles [Exhibit 5 to Joe McDonald Deposition], Exhibit 13, attached).

54.     On May 9, 2005, Loretta Avent filed her third EEOC Charge.  The Charge stated that Avent had been retaliated against by Dr. McDonald for filing two previous EEOC charges and for opposing the school's pattern or practice of abandoning the educational mission of the students of color.  The May 9, 2005, Charge asserted that Dr. McDonald retaliated against her by hiring an investigator to collect information on her, by soliciting negative information about her from staff and parents, and by directing her not to speak with Native American students regarding their issues and concerns.  It also stated that Dr. McDonald harassed her by telling her that nothing was going to happen with her previous EEOC charges.  (May 9, 2005, EEOC Charge, Exhibit 14, attached).

1    55.    On May 10, 2005, Dr. McDonald contacted Ms. Seegren, stating that

2    he had concerns regarding Loretta Avent and her performance.   (Janet Seegren

3    Declaration at ¶10, Exhibit 1 attached; Janet Seegren deposition at pg. 32, Exhibit 15,

4    attached).

5    56.    Ms. Seegren told Dr. McDonald that she would need to look at her

6    evaluations relating to her performance.   (Janet Seegren Declaration at ¶12, Exhibit 1,

7    attached).

8    57.    Dr. McDonald signed Loretta Avent's evaluations, where she

9    received "meets standards in all categories".   (Loretta Avent 2004-2005 Evaluation,

10   [Exhibit 2 to Joe McDonald Deposition], Exhibit 16, attached).

11   58.    Dr. McDonald stated that he had some concerns that were not set

12   forth in the evaluation.  (Joe McDonald May 11, 2005, letter to Janet Seegren, [Exhibit 7

13   to Joe McDonald deposition], Exhibit 17 attached).

14   59.    Ms. Seegren did not change the administrative recommendation to

15   issue Loretta Avent a contract for the new academic year on May 11, 2005.   (Janet

16   Seegren Declaration at ¶14, Exhibit 1, attached; Janet Seegren July 25, 2005, Affidavit at

17   ¶ 3, Exhibit 18, attached).

18   60.    On May 11, 2005, the District's Administration recommended that

19   Loretta Avent's contract be renewed for the following year.   (*Id.*; May 11, 2005,

20   Governing Board Meeting Minutes, Exhibit 19, attached).

21   61.    The Board accepted the Administration's recommendation, and

22   approved issuing Loretta Avent a contract to work as a security guard.  (*Id.*).

23   62.    On May 12, 2005, Loretta Avent obtained and served an Injunction

24   Against Harassment against Dr. McDonald.   (Janet Seegren Affidavit at ¶ 5, Exhibit 18

25   attached; May 12, 2005, [Injunction Against Harassment and Order [Exhibits 12 and 13 to

26   Loretta Avent deposition], Exhibit 20, attached; Loretta Avent deposition pp. 178-180,

27   Exhibit 2, attached).

28

63.     The Order stated that Dr. McDonald was not to contact the Loretta Avent in person, or by telephone, and not to go on or near where Loretta Avent resided. (Loretta Avent deposition at pp. 188-190, Exhibit 2, attached; May 12, 2005, Injunction and Order, Exhibit 20, attached).

64.     Because Loretta Avent sought to preclude her supervisor from speaking to her, Assistant Superintendent Janet Seegren tried to meet with Loretta Avent to discuss how they could facilitate compliance with the Order until such time as it was amended or vacated by the Court.  (Loretta Avent deposition at pp 191-196, Exhibit 2, attached; Janet Seegren Affidavit at ¶¶ 6-7, Exhibit 18, attached).

65.     Loretta Avent, refused to meet with Ms. Seegren.  (*Id.*).

66.     Shortly thereafter, Loretta Avent informed the District receptionist that she was leaving campus for the rest of the day, despite the fact she did not receive permission to do so.  (*Id.*).

67.     On May 13, 2005, the District faxed a letter to Loretta Avent's counsel outlining Loretta Avent's work schedule and assigned duties.  (Janet Seegren Affidavit at ¶ 8; May 13, 2005, letter from Janet Seegren to Loretta Avent, Exhibit B to Janet Seegren's Declaration, Exhibit 1, attached).

68.     The letter also addressed where she should park and her assigned work area.  (*Id.*)

69.     She was instructed not to be in the administration building where Dr. McDonald's office was located; she was not to be in the visitor parking lot near the administration building; and she was informed to use the KRONOS Electronic Clock (for clocking in and out) located in the cafeteria, not the clock located in the administration building.  (*Id.*).

70.     On May 16, 2005, Loretta Avent did not report to work.  (Janet Seegren Affidavit at ¶ 9, Exhibit 18, attached).

71.     That afternoon Ms. Seegren was served with a Notice of Hearing prior to Injunction Against Harassment identifying Ms. Seegren as the Defendant and

Loretta Avent as the aggrieved party. (*Id.* at ¶ 10; Loretta Avent deposition at pp. 191-192, Exhibit 2, attached; Injunction Against Harassment Against Janet Seegren [Exhibit 14 to Loretta Avent deposition], Exhibit 21, attached).

72. Loretta Avent also issued injunctions against harassment against Bob Cox, a Desert Vista Assistant Principal, and Beth Lyon, the Desert Vista Counseling Office Receptionist. (See Loretta Avent deposition at pp. 196-201, Exhibit 2, attached; Injunction against Harassment Against Bob Cox, [Exhibit 15 to Loretta Avent deposition], Exhibit 22, attached; Injunction Against Harassment Against Beth Lyons [Exhibit 16 to Loretta Avent deposition], Exhibit 23, attached).

73. On Tuesday, May 17, 2005 Loretta Avent violated the District's directives. (Janet Seegren Affidavit at ¶ 11, Exhibit 18, attached; Exhibit C to Janet Seegren Declaration, Exhibit 1, attached).

74. Plaintiff clocked in on the KRONOS Clock in Building B, not at the clock where she was directed. (Janet Seegren Affidavit at ¶ 11, Exhibit 18, attached *Id.*).

75. Loretta Avent parked near the Administration Building, contrary to the directive. (*Id.*).

76. Loretta Avent refused to accept any further written letter of direction from the administration. (*Id.*; Loretta Avent deposition at pp. 210-212).

77. Loretta Avent yelled at Joe Feinstein, Lead Security Guard who was trying to deliver the letter, stating that if anything needed to be given to her it needed to go to her lawyer. (*Id.*; Exhibit C to Janet Seegren Declaration, Exhibit 1, attached).

78. Later on that day, Mr. Cox, her assigned supervisor, began to speak to her when she told him that if he continued to talk to her she would call the Sheriff and have him arrested and that he would be put in handcuffs and taken away. (Loretta Avent deposition at pp. 207-208, Exhibit 15, attached; Janet Seegren Affidavit at ¶ 12, Exhibit 18, attached).

79.    Plaintiff then started to follow Dr. McDonald around the campus and tried to bait him into violating the order of harassment she had issued against him.  (Joe McDonald Affidavit at ¶ 6(f), Exhibit 7, attached).

80.    After Loretta Avent's disruptive conduct on May 17, 2005, Dr. Miles signed a Notice of Reassignment to Home.  (Janet Seegren Affidavit  at ¶¶13-14, Exhibit 18, attached; Loretta Avent deposition, at pp. 213-215, Exhibit 2, attached).

81.    Mr. Cox attempted to deliver it to Loretta Avent, but she refused to accept the written Notice.  (*Id.* at ¶14; Loretta Avent deposition at pp. 210-213, Exhibit 2, attached).

82.    Based on these incidents, the District administration determined that Loretta Avent was unwilling to perform her assigned duties or respond to reasonable direction from her supervisors.  (June 8, 2005 Administrative Recommendation, Exhibit E to Janet Seegren Declaration, Exhibit 1, attached).

83.    The Administration concluded that Loretta Avent's continued employment in her current position with the District could not be managed.  (*Id.*)

84.    The District then recommended to the Board on June 8, 2005 to rescind the Offer of Employment to Loretta Avent for school year 2005-2006.  (*Id.*)

85.    The Governing Board rescinded Avent's contract offer for the 2005-2006 school year.  (Janet Seegren June 13, 2005 correspondence to Loretta Avent, Exhibit F to Janet Seegren Declaration, Exhibit 1, attached; Loretta Avent deposition at pg. 217, Exhibit 2, attached).

86.    Loretta Avent never submitted an employment discrimination complaint to the District under the District's Non-Discrimination Policy.  (Janet Seegren Declaration at ¶23, Exhibit 1, attached).

87.    On July 5, 2005, Loretta Avent amended her May 9, 2005, EEOC Charge to state that she was terminated from her security guard position on June 8, 2005. (July 5, 2005, EEOC Charge, Exhibit 24, attached).

88.     The EEOC dismissed Loretta Avent's July 5, 2005, EEOC Charge on September 23, 2005.  (EEOC September 23, 2005, correspondence, Exhibit 25, attached).

89.     Dr. McDonald specifically denies hiring an investigator to collect information on Plaintiff, soliciting negative information about Plaintiff, directing Plaintiff not to speak to Native American students, or speaking to Plaintiff about the EEOC charges.  (Joe McDonald Affidavit at ¶ 6, Exhibit 7, attached).

90.     Plaintiff had an employment contract for the 2004-2005 school year, and that contract expired on May 26, 2005.  (Avent 2004-2005 Classified Employment Contract [Exhibit 3 to Loretta Avent deposition], Exhibit 26, attached; Janet Seegren June 13, 2005 correspondence to Loretta Avent, Exhibit F to Janet Seegren Declaration, Exhibit 1, attached).

DATED this 18th day of January, 2008.

JONES, SKELTON & HOCHULI, P.L.C.

By   /s/ Gordon Lewis
     Georgia A. Staton
     Gordon Lewis
     2901 North Central Avenue, Suite 800
     Phoenix, Arizona  85012
     Attorneys for Defendant Tempe Union
     High School District No. 213

ORIGINAL electronically filed
this 18th day of January, 2008.

COPY hand delivered the 22nd
day of January, 2008, to:

Chief Judge Stephen M. McNamee
United States District Court
401 West Washington Street, SPC 60, Suite 625
Phoenix, Arizona  85003-2158

COPY e-mailed this 18th day of January, 2008, to:

William R. Hobson, Esq.
LAW OFFICE OF WILLIAM R. HOBSON
7303 West Boston Street
Chandler, Arizona  85226
Attorney for Loretta Avent

/s/ Anita Allmon